AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Bridget Anne Foster | ) | 5:19-mj-1089-PRL |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___June 2007 through January 2019___ in the county of _____Marion_____ in the
___Middle___ District of ___Florida___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 641 | Theft of government funds |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Mervyn Miller, Social Security Administration
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/29/19

_____
*Judge's signature*

City and state:        Ocala, Florida

Philip R. Lammens, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                    MDFL CASE NO. 5:19-mj-1089-PRL

COUNTY OF MARION

<u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>

I, Special Agent Mervyn T. Miller, being duly sworn, do hereby state the following:

1.      Your affiant is employed as a Special Agent for the Social Security Administration, Office of the Inspector General (SSA-OIG) and has been so employed since January 2001. Previously, your affiant was employed as a Special Agent with the United States Secret Service for approximately four years. Your affiant has training and experience in the preparation and presentation of criminal complaints and training and experience in the service of arrest warrants.

2.      The information set forth in this affidavit is based on your affiant's personal knowledge as well as information obtained from other sources, as described herein. Because this affidavit is submitted for the limited purpose of establishing probable, this affidavit does not set forth all information known to me regarding this investigation. Your affiant has only set forth facts sufficient to support a finding of probable cause.

3.      On or about October 17, 2018, your affiant received information from a Technical Expert in the SSA Ocala office identifying that Bridget Anne FOSTER was unlawfully receiving SSA Supplemental Security Income (SSI)

benefits for her minor son as representative payee. Your affiant investigated this matter to determine whether SSI benefits were being stolen by FOSTER.

4.      The investigation revealed that FOSTER's son was not entitled to these benefits because his family income was above the minimum threshold for eligibility. FOSTER was defrauding SSA by concealing her marital status, living arrangement, and financial resources from SSA. From June 2007 to January 2019, FOSTER concealed from SSA that she and her husband had been living together as husband and wife. FOSTER falsely stated that, (1) she was separated from her husband; (2) her husband lived elsewhere; and (3) she received child support from her husband. The investigation revealed that these claims were fabricated by FOSTER in order to make her son appear eligible for SSI benefits.

5.      SSI is the first federally administered cash assistance program in this country available to the general public. It is designed to provide a floor of income for the aged, blind or disabled who have little or no income and resources. The program establishes that payment may be received as a right by those U.S. citizens or legally admitted aliens residing in this country who qualify as aged, blind, or disabled and who meet income and resource criteria. No work credits are necessary for entitlement under this program.

6.      The eligibility of an individual who has attained age 65 or who is blind or disabled is determined on the basis of a monthly assessment of the

2

individual's income and resources. The amount of the SSI benefit depends on how much other income an individual receives, the living arrangements, and other circumstances that affect an individual's financial needs. Individuals who are deemed eligible for SSI are generally eligible to also receive health care through the Medicaid program.

7.    On or about October 25, 2018, your affiant verified through the SSA database that FOSTER applied for and began receiving SSI benefits for son in June 2007 as his representative payee. In the SSI Application, dated June 6, 2007, FOSTER does not list her husband as living in the house with her and her children, but instead identifies him as providing monthly child support of $200. FOSTER further claims (in a Summary Statement of Income and Resources) she submitted, that she and her husband were separated and that the only people residing in her house were her children.

8.    Your affiant further verified through the SSA database that between 2009 and 2018, six Redetermination Summaries (RZ) for determining continued SSI eligibility had been completed by FOSTER. In each of the RZs, FOSTER never identifies or acknowledges her husband as living in the household. FOSTER also fails to identify or acknowledge her husband's income in the RZs and only lists him as providing monthly child support of $200. FOSTER falsely claimed in each RZ that she pays for the rent and living expenses.

9.      Your affiant reviewed a copy of a Certificate of Marriage from the State of Florida that indicated FOSTER married her husband on April 28, 2001 in Ocala, Florida and identified their residence/address as the same address in Anthony, Florida that FOSTER submitted to SSA.

10.     Your affiant reviewed the State of Florida Driver and Vehicle Information Database for FOSTER and her husband which showed that both of them listed the same living and mailing address at the Anthony, Florida residence since 2001.

11.     On or about January 17, 2019, your affiant interviewed FOSTER at the Ocala SSA office. The interview was voluntary and FOSTER was advised that she did not have to participate or answer any questions and that she could leave at any time. FOSTER initially maintained her claim that she was separated from her husband and that they do not live together and have not lived together since before June 2007. FOSTER stated that her husband had just returned to living in the house in Anthony, Florida with her in September or October 2018, but that they have separate beds. Prior to this, FOSTER claimed that her husband lived in a "pop-up trailer/tent" on the property or at times at his mother's trailer which was also on the property. FOSTER acknowledged that her husband paid for most of the household expenses including the mortgage, electric, phone, and insurance and that she paid for cable, gas, and food. FOSTER further

4

admitted that her husband would pay for the weekly childcare. FOSTER stated that she had two cars and her husband had two cars, and that all of the vehicles were covered by his insurance, which he paid for. FOSTER was shown two documents that had been submitted to SSA during the time that benefits were being paid to her. One document was a typed letter dated January 10, 2018 and the other was a hand-written letter dated March 12, 2014. Both of these documents were purportedly signed by FOSTER's husband with regard to child support payments to FOSTER. FOSTER acknowledged that both documents were created and signed by her and she confessed to providing these false documents to SSA. FOSTER stated that she would repay the funds to avoid going to jail and that she was aware of another individual who had stolen $30,000 in SSA funds and repaid the funds to the government in lieu of going to jail. FOSTER explained that she didn't really need the SSA funds for her son but that she needed the medical benefits and coverage for him. Nevertheless, FOSTER admitted to receiving and using the funds, which were the property of the United States.

12.     On or about January 17, 2019, your affiant interviewed FOSTER's husband. He acknowledged that he is married to FOSTER and they reside together as husband and wife. He claimed that prior to the fall of 2016, he lived with FOSTER and their three children at the Anthony, Florida mobile home

5

residence. He stated that he has lived at this residence since 1998 when he bought it and that he is the only name on the title of the home. He claimed that throughout the years he would leave the house for a few days at a time just to cool off after an argument but that he never stayed away for an extended period of time. He acknowledged that he had separated from FOSTER for a few months around the end of 2016 and/or beginning of 2017 and that he did stay at his mother's vacant mobile home, which was located next to his home. However, he claimed that he still paid all of the major household bills, even while he temporarily stayed in the adjacent home. FOSTER's husband claimed that he had no knowledge that FOSTER was receiving SSI benefits for their son for the past decade and that FOSTER concealed this from him. He has worked as a mechanic for 35 years and only recently became disabled in September 2018. He further stated that he does not pay child support of any kind to FOSTER and never has. He was shown the two aforementioned letters dated January 10, 2018 and March 12, 2014 that were purportedly signed by him. He stated that he has never seen either of those letters and that he did not sign them. He provided your affiant a sworn statement to the above facts.

13.     Based on my training and experience, and the facts, as set forth in this affidavit, there is probable cause to believe that Bridget Anne FOSTER intentionally withheld information concerning her living arrangements, income,

6

and resources, and provided false statements to obtain SSI benefits that she would not have been eligible to receive for her son. Had FOSTER truthfully told SSA of her marital status and included her husband's income, FOSTER's son would have been ineligible for SSI benefits. FOSTER has therefore fraudulently received approximately $69,680 in government SSA benefits, and made false statements regarding the eligibility to receive such benefits.

14.    Based on the foregoing, I respectfully submit that there is probable cause to believe that FOSTER has committed a violation of Title 18, United States Code, Section 641.

This concludes my affidavit.

Mervyn Miller, Special Agent
Social Security Administration
Office of the Inspector General

Subscribed and sworn to before me
on this _29_ day of July, 2019.

The Honorable Philip R. Lammens
United States Magistrate Judge

7